UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLACE SAMUEL CARMALT, Petitioner, v. WILLIAM SULLIVAN, Respondent. | Case No. 17-cv-05006-JST **ORDER OF SERVICE** |

Petitioner, a state prisoner incarcerated at California Correctional Institution and proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1 ("Pet."). He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 3.

**BACKGROUND**

In 2012, Petitioner was convicted after jury trial in Santa Clara County Superior Court of rape of a child (Cal. Penal Code §§ 261(a)(2), 269) and lewd and lascivious acts on a child (Cal. Penal Code § 288(b)(1)). Pet. at 2. He was sentenced to seventy-five years to life in state prison. Pet. at 1. His conviction was affirmed by the California Court of Appeal, and his petition for review was denied by the California Supreme Court. Pet. at 2–3. Petitioner filed a state habeas petition, which was denied by the Santa Clara County Superior Court on March 10, 2017; by the state appellate court on May 9, 2017; and by the California Supreme Court on August 9, 2017. ECF No. 3–4. The instant action was filed on August 29, 2017. ECF No. 1.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

Petitioner alleges the following grounds for federal habeas relief: (1) insufficient evidence to support the five convictions for aggravated sexual assault / rape (Cal. Penal Code §§ 261(a)(2), 269); (2) prosecutorial misconduct when the prosecutor mischaracterized the unanimity jury instruction; (3) deprivation of federal constitutional due process and his right to proof beyond a reasonable doubt because he was not afforded his state law entitlement to juror unanimity on the specific act underlying the guilty conviction of a lewd and lascivious act on a child; (4) insufficient evidence to support the conviction for a lewd and lascivious act on a child (Cal. Penal Code § 288(b)(1)); (5) ineffective assistance of appellate counsel for failure to raise all viable arguments to counter the state appellate court's application of judicial estoppel; (6) double jeopardy; (7) deprivation of federal constitutional due process because his right to a fair trial was denied by the trial court's failure to provide proper jury instructions regarding the relevant time period, by the trial court's failure to provide the information referred to in the charging documents, and by the trial court's prejudicial and ineffective verbal instructions; (8) instructional error when the court gave CALCRIM 3501 instead of CALCRIM 3500; (9) denial of meaningful opportunity to present a complete defense; (10) cumulative error; and (11) ineffective assistance of appellate counsel for failing to all viable issues on appeal.

Liberally construed, the claims appears cognizable under § 2254 and merit an answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner is GRANTED leave to proceed in forma pauperis. ECF No. 3.

2. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates ECF No. 3.

**IT IS SO ORDERED.**

Dated: January 31, 2018

							_____
							JON S. TIGAR
							United States District Judge